Filed 2/24/22  P. v. Nunez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059773 |
| v. | (Super. Ct. No. 11CF3422) |
| MIKE CARRILLO NUNEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Megan Wagner, Judge.  Reversed and remanded as directed.  Appellant's motion to augment and settle the record is denied without prejudice.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

# I

## PROCEDURAL HISTORY

In 2012, a jury found defendant Mike Carrillo Nunez guilty of aggravated assault with great bodily injury. The trial court imposed a 16-year sentence.

In 2019, the California Department of Corrections and Rehabilitation (CDCR) sent a letter inviting the trial court to recall and resentence Nunez under the provisions of former Penal Code section 1170, subdivision (d).[1]

On December 2, 2020, the trial court conducted a hearing and denied the CDCR's invitation for recall and resentencing. Nunez filed an appeal.

# II

## DISCUSSION

In 2021, the Legislature enacted, and the Governor signed, Assembly Bill No. 1540 (2021-2022 Reg. Sess.), which became effective on January 1, 2022. (Stats. 2021, ch. 719, §§ 1-7.) The legislation moved the recall and sentencing provisions of section 1170, subsection (d), to a new section and changed much of the law. (§ 1170.03.)

We invited the parties "to file supplemental briefs addressing the effect of Assembly Bill No. 1540 . . . on the issues raised in the present appeal."

The Attorney General (AG) argues "there would be little point in litigating the claims in this appeal under the old statute." The AG urges this court to remand the matter to the trial court for further proceedings regarding the CDCR's invitation for recall and resentencing, under the terms of the new statute (§ 1170.03). Nunez agrees with the AG's analysis and proposed disposition.

We agree with parties. Nunez's pending motion to augment the record on appeal and settle the record is moot. Therefore, it is denied without prejudice.

---

[1] Further undesignated statutory references are to the Penal Code.

## III

## DISPOSITION

The trial court's order, which denied the CDCR's invitation to recall and resentence Nunez, is reversed. We remand the matter to the trial court with directions to reconsider the CDCR's invitation consistent with current law. (See § 1170.03.)

MOORE, ACTING P. J.

WE CONCUR:

GOETHALS, J.

ZELON, J.*

*Retired Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.